IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLEN MORIN,

    Plaintiff,         Civil No. 05-1519-TC

v.                      FINDINGS AND
                            RECOMMENDATION
MULTNOMAH COUNTY JAIL,

    Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

    Plaintiff, an inmate at the Multnomah County Jail, filed

1 - FINDINGS AND RECOMMENDATION

a complaint under 42 U.S.C. § 1983 alleging an 8th amendment claim for cruel and unusual punishment based on a jail staff nurse allegedly "giving (him) un-prescribed meds." Specifically, plaintiff alleges that on July 5, 2005, he went to the "medicine line" to receive his prescribed medication and that nurse on duty gave him a "third pill." Plaintiff alleges that he asked the nurse if the "unknown pill" was his and she assured him that it was. After plaintiff took the pill, the nurse allegedly stated: "Oh no! Mr Morin that pill was not yours." Plaintiff further alleges that it is against his religion to take un-prescribed medication and "(it) made me sick for over three days." Complaint (#2) p. 4.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se*

2 - FINDINGS AND RECOMMENDATION

plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

**DISCUSSION**

I find that regardless of liberally plaintiff's complaint is construed, it fails to state a claim.

An inmates complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). As a threshold state of mind requirement for imposing liability, the deliberate indifference standard is exceptionally stringent. It approaches intentionality; at a minimum, it means that the defendant thought about the matter (deliberated) and chose to ignore it. The deliberate indifference standard is functionally equivalent to criminal recklessness. Farmer v. Brennan, 511 U.S. 825, 839-40) (1994).

In determining deliberate indifference the court considers whether the particular facts indicate more than mere negligence or an isolated occurrence of neglect. Toussaint, 801 F.2d at 1111. "While poor medical treatment will at a certain point rise to the level of a constitutional violation,

3 - FINDINGS AND RECOMMENDATION

mere malpractice, or even gross negligence, does not suffice." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); see also, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (even gross medical malpractice does not amount to a violation of the Eighth Amendment).

In this case, plaintiff has not alleged any facts that would establish deliberate indifference to his serious medical needs. Plaintiff's allegations suggest that the conduct giving rise to his claim was at worst negligent. As noted above, negligence is not actionable under 42 U.S.C. § 1983.

**CONCLUSION**

Based on the foregoing, I find that plaintiff's complaint should be dismissed for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

DATED this 13 day of October, 2005.

Thomas M. Coffin
United States Magistrate Judge